IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-00232-01-CR-W-RK |
| ) | |
| MICHAEL SMITH, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant Michael Smith's Motion to Sever. (Doc. 108) For the reasons set forth below, Defendant Smith's motion is denied.

**I. BACKGROUND**

On October 5, 2021, the Grand Jury returned a three-count Indictment against Defendant Michael Smith and Defendant Dontay Campbell, charging both Defendants with one count of conspiracy to commit cyberstalking, in violation of 18 U.S.C. § 371, a Class D Felony; and one count of aiding and abetting cyberstalking resulting in death, in violation of 18 U.S.C. §§ 2261A, 2261(b), and 2, a Class A Felony. (Doc. 1) Defendant Smith was additionally charged with one count of aiding and abetting cyberstalking resulting in death, in violation of 18 U.S.C. §§ 2261A, 2261(b), and 2, a Class A Felony. (Doc. 1)

Defendant Smith was arraigned on October 22, 2021, and moved to continue the trial to March 2022, which the Court granted. (Doc. 12) In January 2022, Co-Defendant Campbell moved to continue the trial to September 2022, a motion Defendant Smith did not oppose, and the Court granted. (Docs. 28, 29) Defendant Smith himself later filed motions to continue the trial to February 2023 and September 2023, both of which were granted. (Docs. 36, 37, 43, 44) In

1

December 2022, the Court granted Defendant Smith's motion for a psychiatric examination, and in May 2023, following a competency hearing, the Court found him competent to stand trial. (Docs. 40, 41, 49, 52)  On November 6, 2023, Co-Defendant Campbell pled guilty. (Docs. 63, 64)

On November 7, 2023, the Grand Jury returned a three-count Superseding Indictment against Defendant Smith which added Co-Defendant Lawrence Lawhorn, charging both Defendants with one count of conspiracy to commit cyberstalking, in violation of 18 U.S.C. § 371, a Class D Felony; and one count of cyberstalking resulting in death, in violation of 18 U.S.C. §§ 2261A, and 2261(b), a Class A Felony. (Doc. 65)  Co-Defendant Lawhorn is additionally charged with one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), a Class C Felony.  (Doc. 65)

On January 21, 2024, Co-Defendant Lawhorn filed his first motion to continue, requesting a continuance of the trial to the February 10, 2025, docket due to ongoing discovery and preparation needs, which the Court granted. (Docs. 87, 89)  At that time, Defendant Smith was set for a change of plea hearing on February 7, 2024; nevertheless, on January 25, 2024, Counsel for Defendant Smith indicated that the continuance request was not unreasonable.[1] (Docs. 79, 89, n.3, 92)  During Defendant Smith's change of plea hearing, the Court rejected the proposed plea agreement. (Doc. 93)  Following the rejection, Counsel for the Government requested that the Court inquire about Defendant Smith's position regarding the February 10, 2025, trial setting, and Defendant Smith confirmed on the record that he had no objection to continuing the case to the February 10, 2025, trial docket. (*See* Doc. 117, p. 3)  Defendant Smith was then set for trial alongside Co-Defendant Lawhorn on the February 10, 2025, docket. (Docs. 89, 93)

On December 12, 2024, Co-Defendant Lawhorn moved for a continuance of the February

---

[1] This was communicated from Counsel for Defendant Smith to the Court via email received on January 25, 2024. (*See* Doc. 89)

2

10, 2025, trial setting, to a special setting in November or December 2025. (Doc. 104) Counsel for Co-Defendant Lawhorn cited the substantial volume of discovery, including over 252 GB of materials such as reports, photographs, audio and video files, phone downloads, and extensive social media data. (Docs. 114, 119) Among this discovery provided in part beginning in mid-December 2024, were newly disclosed materials stemming from a recently identified witness, including additional witness interviews and critical evidence. (Docs. 114, 119) Counsel also noted that over 1,000 recorded jail phone calls were still being reviewed and processed by the Government and would require defense analysis once received. (Docs. 104, 119)

Defendant Smith objected to Co-Defendant Lawhorn's motion for a continuance and subsequently filed the present Motion to Sever, along with Suggestions in Opposition to the requested continuance. (Docs. 104, 107, 108) The Government filed its Suggestions in Opposition to Defendant Smith's Motion to Sever on December 23, 2024. (Doc. 117) On December 27, 2024, Defendant Smith filed his Reply Suggestions in response to the Government's Opposition. (Doc. 118)[2] On the same date, Co-Defendant Lawhorn filed his Reply Suggestions in support of his motion to continue. (Doc. 119) On December 30, 2024, the Court granted Co-Defendant Lawhorn's motion to continue in part, and the case was set for trial on a special setting in front of The Honorable Roseann Ketchmark from July 14, 2025, through July 29, 2025. (Doc. 120)

## II. DISCUSSION

In the instant severance motion, Defendant Smith does not challenge the propriety of joinder under Federal Rule of Criminal Procedure 8 but instead argues that the resulting prejudice of a trial set in November or December 2025 necessitates severance under Federal Rule of Criminal

---

[2]The Court held a status conference on December 19, 2024, with Defendants Smith and Lawhorn, their counsel, and counsel for the Government present. At that hearing, counsel for Co-Defendant Lawhorn stated that Defendant Lawhorn did not oppose severance and, in his Reply Suggestions (Doc. 119), requested that the Court grant Defendant Smith's severance motion.

3

Procedure 14. Specifically, Defendant Smith contends that severance is required to safeguard his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act. Defendant Smith also asserts that a joint trial risks introducing incriminating statements made by Co-Defendant Lawhorn, potentially violating his rights under *Bruton v. United States*, 391 U.S. 123 (1968). The Government asserts that the offenses and Defendants are properly joined in the Superseding Indictment under Rule 8 and that Defendant Smith cannot meet his burden of establishing "severe or compelling" prejudice to warrant severance under Rule 14, and therefore, the Court should deny Defendant's motion.

The Court's analysis proceeds in three parts. First, the Court will determine whether joinder is proper under Federal Rule of Criminal Procedure 8. Second, the Court will address Defendant Smith's argument for severance under Federal Rule of Criminal Procedure 14, examining potential prejudice from joinder—including Defendant Smith's claim that a *Bruton* issue arises from Co-Defendant Lawhorn's anticipated statements—and the implications for Defendant Smith's Sixth Amendment right to a speedy trial. Finally, the Court will evaluate the application of the Speedy Trial Act[3] to this case.

### A. Propriety of Joinder Under Federal Rule of Criminal Procedure 8

Although Defendant Smith does not challenge the propriety of joinder, the Court independently finds that joinder is proper under Federal Rule of Criminal Procedure 8(b). Rule 8(b) permits the joinder of defendants in the same indictment if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). This standard

---

[3] Defendant asserts only that the current timeframe created by Co-Defendant Lawhorn's continuance is unreasonable under the Speedy Trial Act. *See* 18 U.S.C. § 3161; *United States v. Sprouts*, 282 F.3d 1037, 1041 (8th Cir. 2002) ("Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another.").

4

Case 4:21-cr-00232-RK    Document 122    Filed 01/24/25    Page 4 of 14

is satisfied when the charges involve acts that are part of a common plan or scheme. *Id*.

The propriety of joinder is determined from the face of the indictment, accepting as true the factual allegations it contains. *United States v. Reichel*, 911 F.3d 910, 915 (8th Cir. 2018). The Eighth Circuit has held that "when the indictment invites joint proof ... prima facie validity of joinder is shown." *United States v. Rimell*, 21 F.3d 281, 289 (8th Cir. 1994) (internal citations and quotation marks omitted).

Here, the Superseding Indictment alleges that Defendant Smith and Co-Defendant Lawhorn conspired to commit cyberstalking and cyberstalking resulting in death. (Doc. 65, pp.1-6) The charging document outlines joint actions by Defendant Smith and Co-Defendant Lawhorn central to the alleged conspiracy, including purchasing, deploying, and using a GPS tracking device to surveil the victim. (*Id*., pp. 3-4) Real-time location data from the GPS device was allegedly used to coordinate an ambush, which involved traveling to the location, lying in wait, and executing the plan, culminating in the victim's death. (*Id*., p. 4) Additionally, Co-Defendant Lawhorn is alleged to have used a firearm to commit the murder, while Defendant Smith and others supported the planning, demonstrating the collective nature of their actions. (*Id*., p. 6) As these allegations involve both Defendants in the same acts that are part of a shared plan, joinder is proper.

### B. Severance

Defendant Smith asserts that delays caused by Co-Defendant Lawhorn's continuance requests violate his Sixth Amendment right to a speedy trial. This contention requires analysis under both Federal Rule of Criminal Procedure 14(a) and the four-factor balancing test articulated in *Barker v. Wingo*, 407 U.S. 514 (1972).

1. *Rule 14(a): Balancing the Presumption of Joinder Against Potential Prejudice*

Federal Rule of Criminal Procedure 14(a) provides that the Court may order separate trials or provide other appropriate relief if the joinder of offenses or defendants appears to prejudice a defendant or the government. However, there is a strong presumption in the federal system favoring joint trials for defendants indicted together. *United States v. Anderson*, 783 F.3d 727, 743 (8th Cir. 2015). This presumption is particularly compelling in conspiracy cases, where the charges against the defendants arise from the same acts, evidence, and transactions. *United States v. Kime*, 99 F.3d 870, 880 (8th Cir. 1996). Joint trials promote judicial economy, minimize the burden on witnesses, and reduce the risk of inconsistent verdicts. *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005). While Rule 14(a) allows for severance where joinder would prejudice a defendant's right to a fair trial, the defendant bears a heavy burden of demonstrating that a joint trial would cause "severe or compelling prejudice." *United States v. Payton*, 636 F.3d 1027, 1036 (8th Cir. 2011).

In this case, Defendant Smith has failed to make the requisite showing of prejudice. Counts Two and Three—cyberstalking resulting in death, and felon in possession of a firearm—are overt acts committed in furtherance of the conspiracy charged in Count One. (Doc. 65) These charges arise from the same course of conduct and share a common nucleus of facts and evidence, including electronic communications, forensic data, and witness testimony. (Doc. 65) Severance would not reduce the burden of this evidence but would instead necessitate duplicative presentations in separate trials, wasting judicial resources and increasing the risk of inconsistent verdicts. *See United States v. Delpit,* 94 F.3d 1134, 1143 (8th Cir. 1996) (noting that joint trials promote judicial efficiency and provide the jury with a comprehensive view of the evidence); *United States v. Darden,* 70 F.3d 1507, 1528 (8th Cir. 1995) (explaining that joint trials conserve

judicial resources and avoid inconsistent verdicts).

Defendant Smith further contends that a joint trial poses the risk of introducing incriminating statements made by Co-Defendant Lawhorn, who may invoke his Fifth Amendment right and refuse to testify, thereby precluding cross-examination and resulting in the requisite prejudice.  Defendant argues that this scenario presents a classic *Bruton* issue, where limiting instructions are insufficient to mitigate prejudice.  391 U.S. at 137.  While *Bruton* concerns are critical to safeguarding a defendant's Sixth Amendment confrontation rights, they do not, by themselves, necessitate severance.  Courts have long recognized that redacting a co-defendant's statements to eliminate direct references to the defendant, along with proper limiting instructions, effectively addresses *Bruton* concerns.  *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (holding redacted statements and limiting instructions prevent Confrontation Clause violations).

Here, Defendant Smith has not identified any specific statements made by Co-Defendant Lawhorn that would implicate him or create a *Bruton* issue.  Even if such statements exist, redaction and limiting instructions may mitigate any potential prejudice.  Pretrial motions or evidentiary rulings can further address any concerns regarding Co-Defendant Lawhorn's statements.  The potential for a *Bruton* issue, without more, does not outweigh the strong preference for joint trials.  Any potential prejudice resulting from a joint trial can be mitigated through carefully crafted jury instructions.  Courts presume juries follow instructions to evaluate evidence separately for each defendant.  *See United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004).  Defendant Smith has provided no evidence to overcome this presumption or show that a jury would be unable to compartmentalize the evidence presented at trial.  Therefore, severance is not warranted on this basis.

For these reasons, the Court finds that Defendant Smith has not met his burden of

demonstrating the "severe or compelling prejudice" required to justify severance under Federal Rule of Criminal Procedure 14(a).

2. *Defendant Smith's Sixth Amendment Argument*

While Rule 14(a) addresses potential prejudice arising from joinder, determining whether the time to trial in this case violates Defendant Smith's constitutional rights requires a separate inquiry under the four-factor balancing test established in *Barker*. Defendant Smith contends that the current trial timeframe—resulting from Co-Defendant Lawhorn's continuance requests—infringes upon his Sixth Amendment right to a speedy trial. This argument, therefore, necessitates application of the *Barker* framework. The Court now turns to this analysis.

The Supreme Court has identified four factors, known as the *Barker* factors, that must be balanced in considering Sixth Amendment speedy trial challenges: "(1) whether delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for the delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as a result of the delay." *United States v. Sims*, 847 F.3d 630, 834 (8th Cir. 2017) (quoting *United States v. Aldaco*, 477 F.3d 1008, 1019 (8th Cir. 2007)). *See also Barker*, 407 U.S. at 530.

When analyzing the first *Barker* factor—whether the delay before trial is unusually long—the Court finds that the 44-month period between Defendant Smith's arraignment and trial date, now scheduled for July 14, 2025, is presumptively prejudicial, as it exceeds the threshold typically triggering a *Barker* analysis. *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992) (noting that delays approaching one year generally warrant further analysis). However, the reasonableness of such a delay must be assessed in light of the complexity of the case. *See Aldaco*, 477 F.3d at 1019 (finding delays reasonable when tied to case complexity and co-defendant continuances).

8

Here, the Superseding Indictment charges Defendant Smith with conspiracy to commit cyberstalking and cyberstalking resulting in death, offenses that inherently involve detailed analysis of electronic communications, forensic data, and extensive witness testimony. (*See* Docs. 65, 98, 104, 120)  The addition of Co-Defendant Lawhorn to the case in 2023 further introduced overlapping legal and factual issues, requiring additional preparation time (*See* Doc. 98).  *United States v. Cooley*, 63 F.4th 1173, 1178–1179 (8th Cir. 2023) (noting that multi-defendant cases inherently require more time for scheduling, accommodating discovery, and resolving procedural motions).  Although Defendant Smith argues that the delay is primarily attributable to Co-Defendant Lawhorn's continuance requests, courts routinely consider such delays reasonable when linked to legitimate trial preparation needs. *Lightfoot*, 483 F.3d 885–886.

While the length of the delay weighs slightly in Defendant Smith's favor, courts have consistently upheld comparable or longer delays in cases involving complex multi-defendant conspiracies.  *See, e.g., Cooley*, 63 F.4th at 1178–1179 (upholding a nearly four-year delay due to the complexity of a multi-defendant case involving extensive forensic and electronic evidence); *Aldaco*, 477 F.3d at 1019 (holding a 38-month delay reasonable based on the intricate nature of the case and the need to coordinate multi-defendant proceedings); *United States v. Walker*, 92 F.3d 714, 717 (8th Cir. 1996) (finding a 37-month delay did not violate the Sixth Amendment in a multi-defendant conspiracy case); *United States v. Patterson*, 140 F.3d 767, 773–774 (8th Cir. 1998) (finding a 39-month delay reasonable in a conspiracy case involving substantial discovery and multiple defendants).  Thus, delays of this nature are not uncommon in cases of similar complexity and scope.  Given the nature of the charges, the volume of evidence, and the multi-defendant structure of this case, the 44-month period,[4] while significant, is not extraordinary.  *See Cooley*,

---

[4]Defendant Smith's competency to proceed was under consideration for over four months of this time.

9

63 F.4th at 1178–1179; *Aldaco*, 477 F.3d at 1019.

The Court next considers the reasons for delay and "whether the government or the . . . defendant is more to blame." *Barker*, 407 U.S. at 531. The reasons for the delay in this case result from a combination of Co-Defendant Lawhorn's joinder and the time required for both Defendants to adequately prepare for trial. Upon Defendant Smith's initial arraignment on October 12, 2021, he was placed on the February 2023 trial docket. (*See* Docs. 12, 37) In December 2022, Defendant Smith requested a continuance to allow newly appointed counsel time to familiarize themselves with the case, which the Court granted. (*See* Doc. 37) During this time, and as previously noted, Defendant Smith sought a competency evaluation, further extending the timeline until he was found competent to proceed in May 2023. (*See* Docs. 40, 41, 49, 52)

Following the joinder of Co-Defendant Lawhorn in 2023, the case became more complex, introducing overlapping legal and factual issues that necessitated additional preparation. Co-Defendant Lawhorn requested a continuance, which Defendant Smith did not oppose, resulting in the trial date being moved to February 2025. (*See* Docs. 87, 89, 93) When a subsequent continuance was requested by Co-Defendant Lawhorn to November or December 2025, Defendant Smith objected to a continuance for the first time. (*See* Docs. 118, 120)

Examination of this timeline does not indicate that the Government delayed prosecution for tactical advantage. Instead, the record shows that the delays were driven by legitimate procedural necessities, such as ensuring both Defendants had sufficient time to prepare for trial and safeguarding their constitutional protections. Moreover, the continuances resulting from Co-Defendant Lawhorn's motions cannot be attributed to either the Government or Defendant Smith. The Court therefore finds that the second *Barker* factor is neutral.

Analysis of the third factor reveals that Defendant has asserted his right to a speedy trial by

objecting to the most recent continuance and filing a motion to sever.[5] The most recent continuance of approximately 5 months, from February 10, 2025, to July 14, 2025, and the only one to which Defendant Smith objected, results in a neutral finding as to the third *Barker* factor.

The fourth *Barker* factor considers whether a defendant suffered prejudice as a result of the delay. "The extent to which a defendant must demonstrate prejudice depends on the particular circumstances." *Cooley*, 63 F.4th at 1179 (quoting *United States v. Erenas-Luna*, 560 F.3d 772, 778 (8th Cir. 2009)). A showing of actual prejudice is required when the government has exercised reasonable diligence in pursuing the case. *Id.* The *Barker* framework identifies three primary interests served by the speedy trial right: (1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. 407 U.S. at 532; *Sims*, 847 F.3d at 636. Among these, the most serious concern is the potential impairment of the defense. *Barker*, 407 U.S. at 532.

Defendant Smith alleges that the time from arraignment to trial has caused him significant anxiety and concern, particularly as he has been in custody since October 2021 and has completed a separate federal sentence during this time. Without demeaning the anxiety and concerns Defendant expresses, courts have consistently held that generalized anxiety or inconvenience, without specific evidence of impairment to the defense, is insufficient to establish prejudice under the *Barker* analysis. *See United States v. Shepard*, 462 F.3d 847, 865 (8th Cir. 2006) ("Anxiety, without concurrent prejudice to the defendant's ability to mount a defense, is likely the weakest interest served."). To be clear, Defendant Smith was serving a separate federal sentence in *United States v. Lawhorn, et al.*, 20-04071-06-CR-W-RK, until December 2024, which constitutes a large portion of his pretrial incarceration in the instant case. (Doc. 115)

---

[5] Defendant Smith's reply acknowledges that he did not oppose the continuance setting the trial for February 2025. (*See* Doc. 118)

11

Lastly, Defendant Smith has not demonstrated any actual prejudice to his ability to prepare or present his defense. He has not identified the loss of critical evidence, the unavailability of key witnesses, or any specific harm caused by the delay. *See Erenas-Luna*, 560 F.3d at 779 (rejecting claims of prejudice where the defendant failed to identify specific witnesses or evidence affected by the delay). There is no indication that the timeline has compromised the integrity of the case or Defendant Smith's ability to mount a defense. Absent concrete evidence that the delay has impaired Defendant Smith's defense, the Court finds that Defendant Smith has not shown actual prejudice resulting from the delay, and the fourth *Barker* factor does not weigh in his favor.

On balance, the application of the nondispositive *Barker* factors indicate that severance is not necessary to safeguard Defendant Smith's Sixth Amendment right to a speedy trial. The practicalities of managing a complex conspiracy case, the absence of bad faith or intentional delay by the Government in prosecuting the case, the first and only objection to a recent five-month continuance, and the lack of any identifiable prejudice to Defendant Smith outweigh the length of any delay and his assertion of his right. Accordingly, the Court finds that severance is not warranted on this basis.

### C. Application of the Speedy Trial Act

Defendant Smith argues that severance is necessary to protect his rights under the Speedy Trial Act, 18 U.S.C. § 3161, asserting that the timeframe resulting from Co-Defendant Lawhorn's continuance requests[6] violates the Act's reasonableness requirement. Section 3161(h)(6) permits the exclusion of a "reasonable period of delay" from the speedy trial calculation when a defendant is joined for trial with a co-defendant whose speedy trial clock remains active, provided no

---

[6]Defendant Smith's reply acknowledges that he did not oppose the continuance setting the trial for February 2025; instead, Counsel indicated the request was reasonable and Defendant stated he had no objection. (*See* Docs. 89, n.3, 118)

severance has been granted.  *See Lightfoot*, 483 F.3d 885–886.  Defendant Smith contends that prior extensions, combined with the additional timeframe requested by Co-Defendant Lawhorn, render the timeline unreasonable, particularly given the Court's directive that "no further continuances will be granted absent extraordinary circumstances."

The Court, however, found that extraordinary circumstances existed when continuing the case to the July 14, 2025, special trial setting. (Doc. 120)  Noting, *inter alia*, the significant volume and complexity of discovery, and substantial additional evidence to be produced, along with other factors detailed in the Court's Order (Doc. 120), the finding of extraordinary circumstances directly refutes Defendant Smith's argument.  *See United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012) (holding that the ends of justice may justify a continuance where necessary for adequate preparation in complex cases).

The Speedy Trial Act explicitly contemplates reasonable delays in multi-defendant cases, recognizing the inherent challenges of joint trials.  *See* 18 U.S.C. § 3161(h)(6); *Cooley*, 63 F.4th at 1178–1179.  Here, the time excluded due to being joined with a Co-Defendant, both Defendants' preparation needs, and new and ongoing discovery, is reasonable given the complexity and scope of the case.  Additionally, the delay attributable to the determination of Defendant's competency is also excludable under 18 U.S.C. § 3161(h)(1)(A), which, in this case, resulted in over a four-month period of exclusion.

While Defendant Smith objects to the timeframe, particularly in light of his pretrial detention, the exclusions of time, separately or cumulatively, do not violate the Speedy Trial Act.  *See Herbst*, 666 F.3d at 510.  Furthermore, the Court mitigated concerns about an unreasonable delay by setting a firm trial date in July 2025, instead of an end-of-year date as requested by Co-Defendant Lawhorn.  This approach balances the need for adequate preparation, the complexity of

the case, and Defendant Smith's objection, consistent with the requirements of the Speedy Trial Act.

In light of these considerations, the Court concludes that the trial setting in this case was justified under 18 U.S.C. § 3161(h)(6) and consistent with the Speedy Trial Act. Accordingly, Defendant Smith's request to sever based on Speedy Trial Act concerns is not meritorious.

### III. CONCLUSION

For these reasons, it is

**ORDERED** that Defendant Smith's Motion to Sever (Doc. 108) is denied.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE